# MANDATE

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the _11th_ day of _July_ Two thousand five.

PRESENT:

    JOSÉ A. CABRANES
    REENA RAGGI
        *Circuit Judges*
    LEONARD B. SAND*
        *District Judge*



------------------------------------------------x

HINDU TEMPLE SOCIETY OF NORTH AMERICA, a New York religious corporation, NARENDRA DESAI, MATHY PILLAI, NIRMALA RAMASUBRAMANIAN, HYMA REDDY, PATHMINI PANCHACHARAM, BRAHMAN SIVAPRAKASA PILLAI, KRISHNASWAMY ANANDARAM, UMA MYSOREKA, GADDAM DASARATHARAM REDDY, CHITTI RAMAKRISHNA MOORTHY, SHIVAKUMAR KUSUMA PRABHAT, VIJAY KHANNA, SUBRAMANIAM SUNDARARAMAN, LAKSHESH SHANTILAL PANCHAL, RAJ GOPAL IYER,

        *Plaintiffs-Appellants,*          No. 04-5103

    -v.-

SUPREME COURT OF THE STATE OF NEW YORK, ANTHONY J. PIACENTINI, in his official capacity, JOSEPH G. GOLIA, in his official capacity, SAMBASIVA RAO VENIGALLA, KATTINGER V. RAO, ANAND MOHAN, VENKAIAH DAMA, NEHRU E. CHERUKUPALLI, AND KRISHNAMURTY AIYER,

        *Defendants-Appellees.*

------------------------------------------------x

---

   * The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

1

**MANDATE ISSUED:** SEP 30 2005

| | |
|---|---|
| **APPEARING FOR APPELLANTS:** | ROMAN P. STORZER, (Derek L. Gaubatz, Eric Rassbach, Robert Greene, on the brief), Becket Fund for Religious Liberty, Washington, DC |
| **APPEARING FOR APPELLEES:** | ROBERT H. EASTON, Senior Assistant Solicitor General, (Caitlin J. Halligan, Solicitor General, Jeffrey P. Metzler, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, of counsel), New York Attorney General's Office, New York, NY, *for Supreme Court of the State of New York and Joseph G. Golia* |
| | KRISHNAN CHITTUR, Chittur and Associates, P.C., New York, NY, *for Sambasiva Rao Venigalla, Kattinger V. Rao, Anand Mohan, Venkaiah Dama, Nehru E. Cherukupalli* |
| | Krishnamurthy Aiyer, *pro se*, Brooklyn, NY |

Plaintiffs appeal from a ruling of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*) denying their request for a preliminary injunction.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is hereby **AFFIRMED** and the cause is **REMANDED** to the District Court for further proceedings.

Plaintiffs appeal from the District Court's denial of their motion for a preliminary injunction. The parties are involved in a related proceeding in New York state court contesting the management of the Hindu Temple Society. Plaintiffs claim that some of the state court actions violate the First Amendment and seek an injunction effectively enjoining defendants from acting in accordance with the orders of the state court. We assume familiarity with the facts of the case.

The District Court concluded that it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Hindu Temple Soc'y of N. Am. v. Supreme Court*, 335 F. Supp. 2d 369, 370-72 (E.D.N.Y. 2004). The Court specifically determined that there were no material factual disputes that warranted an evidentiary hearing, and found that "the state proceedings offer an adequate forum in which plaintiffs can press all of the claims raised here." *Id.* at 379. This appeal followed.

2

We review *de novo* a district court's decision to abstain under *Younger*. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2004). As we stated there, "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Id.* at 198. It is undisputed that there is an ongoing state proceeding here. For substantially the reasons stated by the District Court, we conclude that the other two prongs are met as well. We further conclude that none of the potential exceptions to the *Younger* rule apply in this case.

In deciding to abstain, the District Court acknowledged the "important First Amendment concerns raised by plaintiffs." *Hindu Temple Soc'y*, 335 F. Supp. 2d at 370. We too appreciate the complicated and compelling First Amendment interests at stake in this litigation. Nonetheless, *Younger* abstention is predicated on "the notion of 'comity,' that is, a proper respect for state functions," *Younger*, 401 U.S. at 44, and we are confident that the state court can appropriately address the questions raised in this case. Accordingly, we follow the District Court in deferring to the state court to resolve these questions.

We have considered plaintiffs' claims and found them to be without merit. We hereby **AFFIRM** the order of the District Court and **REMAND** the cause to the District Court for further proceedings.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*